UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

GHAZANFAR IQBAL,

                              Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              15-CV-746-A

NORMANDIN TRANSIT, INC.,
and MARTHE VACHON,
                              Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

        This personal-injury action arises from an accident involving a car and tractor-

trailer truck.  It is pending on diversity jurisdiction under 28 U.S.C. § 1332 after having

been removed from state court pursuant to 28 U.S.C. § 1441 *et seq.*

        The plaintiff, Ghazanfar Iqbal, has moved to remand the action to state court

on the ground that the Notice of Removal of the defendants, Normandin Transit, Inc.,

and Marthe Vachon, was untimely.  The Notice was filed after expiration of a

one-year time limit upon removal that applies pursuant to 28 U.S.C. § 1446(c)(1) to

an action predicated on diversity jurisdiction that was not earlier removable from state

court.

        Defendants Normandin Transit, Inc., and Marthe Vachon (the "diverse

defendants") oppose the motion to remand on the ground that plaintiff Iqbal acted in

bad faith by maintaining the action in state court against two non-diverse municipal

defendants only to prevent the diverse defendants from removing the action to

federal court, and that the bad faith of plaintiff triggers a statutory exception to the

one-year time limit upon removal in § 1446(c)(1).  For the reasons that follow, the motion to remand is granted.

## DISCUSSION

The Court assumes the parties' familiarity with the prior proceedings and background law applicable to the pending motion to remand.  The diverse defendants bear the burden of establishing the propriety of their removal of the state court action. *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).  The diverse defendants also bear the burden on plaintiff Iqbal's motion to remand to establish bad faith conduct on the part of plaintiff to prevent them from removing the action to federal court within one year of its commencement by a standard of clear and convincing evidence.  *See e.g.*, *Ehrenreich v. Black*, 994 F.Supp.2d 284, 290 (E.D.N.Y. 2014).

The diverse defendants point to no direct evidence of bad faith on the part of plaintiff Iqbal.  They stress instead that it was objectively clear in the circumstances just a few months after the action was commenced that neither of the non-diverse municipal defendants named by the plaintiff were potentially liable in relation to the intersection and traffic signals at the scene of the accident at issue.  The diverse defendants argue that the failure of plaintiff to dismiss the non-diverse defendants earlier served only the improper purpose of preventing the diverse defendants from removing the action to federal court within one year of its commencement.

The Court notes that plaintiff Iqbal did not seek remand to state court pursuant to 28 U.S.C. § 1446(b)(3) on the ground that the Notice of Removal of the diverse

defendants was untimely because it was not filed within thirty days of their receipt of a state-court pleading from which it was ascertainable that the case had become removable.  *Compare* Dkt. No. 10-2 (July 7, 2015 Partial Stipulation of Discontinuance) *and* Dkt. No. 1 (August  20, 2015 Notice of Removal) *with Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12–CIV–5557, 2013 WL 1234958, at *3-5 (S.D.N.Y. Mar. 26, 2013).  The § 1446(b) time limits are procedural, not jurisdictional, and may be waived.  *See Bedminster Fin. Grp., Ltd.*, *supra*.

The Court need not address whether the plaintiff Iqbal waived the apparently strong alternative ground for remand pursuant to 28 U.S.C. § 1446(b)(3) because, even though the Court does find some conduct of plaintiff consistent with bad faith, the diverse defendants have not carried their burden in opposing the motion to remand by proving bad faith to prevent removal by the high standard of proof of clear and convincing evidence.  For example, plaintiff purports to have needed to maintain the action against two non-diverse municipal parties in the face of evidence they were not proper parties so that plaintiff could obtain formal discovery of grounds for some entity's potential liability.  Yet plaintiff appears not to have pursued any claim, or a New York Court of Claims action, against the State of New York, the only other entity which was potentially liable in relation to the intersection and traffic signals at the scene of the accident.  Nevertheless, the Court finds on the present record the diverse defendants have not carried their heavy burden under § 1447(c)(1) to prove by clear and convincing evidence that bad faith conduct by plaintiff prevented removal

3

by the diverse defendants within one year of commencement of the action.

Accordingly, plaintiff's motion to remand is granted.

### CONCLUSION

The action is remanded to Supreme Court, County of Erie pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court shall mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, County of Erie, Index No. 800264/2014, to the clerk of the state court.  The Clerk shall then close the case.

**IT IS SO ORDERED.**

_Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  July 1, 2016